IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| AARON BUTLER <br> 3217 75th Avenue, Apt. 100 <br> Hyattsville, Maryland 20785 <br><br> Plaintiff <br><br> vs. <br><br> T. CRUM #580 <br> *Individually and in his official capacity as a Metro Transit Police Officer* <br> c/o Metro Transit Police Department <br> 600 Fifth Street, N.W. <br> Washington, D.C. 20001 <br><br> SERVE: PATRICIA LEE <br> Office of General Counsel <br> 600 Fifth Street, N.W. <br> Washington, D.C. 20001 <br><br> and <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY <br> 600 Fifth Street, N.W. <br> Washington, D.C. 20001 <br><br> SERVE: PATRICIA LEE <br> Office of General Counsel <br> 600 Fifth Street, N.W. <br> Washington, D.C. 20001 <br><br> and <br><br> METRO TRANSIT POLICE DEPARTMENT <br> c/o WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY <br> 600 Fifth Street, N.W. <br> Washington, D.C. 20001 <br><br> SERVE: PATRICIA LEE <br> Office of General Counsel <br> 600 Fifth Street, N.W. <br> Washington, D.C. 20001 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Case No.: _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

1

|  |  |
|---|---|
| and | * |
|  | * |
| **A. DIFFLEY #771** | * |
| *Individually and in his official capacity as a* | * |
| *Metro Transit Police Officer* | * |
| c/o Metro Transit Police Department | * |
| 600 Fifth Street, N.W. | * |
| Washington, D.C. 20001 | * |
|  | * |
| **SERVE: PATRICIA LEE** | * |
| **Office of General Counsel** | * |
| 600 Fifth Street, N.W. | * |
| Washington, D.C. 20001 | * |
|  | * |
| and | * |
|  | * |
| **N. Miller #556** | * |
| *Individually and in his official capacity as a* | * |
| *Metro Transit Police Officer* | * |
| c/o Metro Transit Police Department | * |
| 600 Fifth Street, N.W. | * |
| Washington, D.C. 20001 | * |
|  | * |
| **SERVE: PATRICIA LEE** | * |
| **Office of General Counsel** | * |
| 600 Fifth Street, N.W. | * |
| Washington, D.C. 20001 | * |
|  | * |
| Defendant(s) | * |

**************************************************************************

## COMPLAINT

COMES NOW, the Plaintiff, Aaron Butler, by and through counsel, John R. Webster, Jr., and Christina L. Caron-Moroney, Thomas V. Mike Miller, Jr., P.A., who files this Complaint and, for reasons therefore, states as follows:

### JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter and all parties pursuant to CJ § 6-102 through § 6-103.

1. Venue is proper pursuant to CJ § 6-201 because Defendants reside here and/or is engaged in business here and the evens and/or omissions giving rise to the claims arose in Prince George's County, Maryland.

2. Plaintiff provided notice to the Washington Metropolitan Area Transit Authority of the following claims by letter dated June 21, 2018 to the Office of Washington Metropolitan Area Transit Authority, thereby complying with any applicable notice requirement.

## PARTIES

3. That Aaron Butler, Plaintiff, is a resident of Prince George's County, Maryland.

4. That Defendant, T. Crum badge #580, is an employee of the Metro Transit Police Department, which is owned and insured by Washington Metropolitan Area Transit Authority.

5. That Defendant, A. Diffley, badge #771, and Defendant, N. Miller badge #556 are employees of the Metro Transit Police Department, which is owned and insured by Washington Metropolitan Area Transit Authority.

6. That Washington Metropolitan Area Transit Authority (hereinafter "WMATA"), Defendant, is a tri-jurisdictional government agency created by Congress by way of the WMATA Compact.

## FACTS COMMON TO ALL COUNTS

7. That on or about May 30, 2018, at approximately 7:30 p.m., the Plaintiff, Aaron Butler, was a business invitee and passenger on a Metro train that was owned and operated by WMATA. The Plaintiff rode the Metro train to the Landover Metro Station, located at 3000 Pennsy Drive, Landover, Prince

George's County, Maryland, where he exited the train. Plaintiff walked to a fare gate and tapped his metro card to exit. The gate did not open. The Plaintiff then walked to a fare card machine. He then returned to the gates and exited through the emergency gate.

8. Before the Plaintiff had an opportunity to seek out assistance from a Metro station attendant, Defendant A. Diffley and Defendant N. Miller #556 approached Plaintiff and immediately and together unlawfully physically detained him. A crowd started to form around Plaintiff and Defendants A. Diffley and N. Miller. An unknown citizen attempted to hand money to Plaintiff to enable him to pay his fare in efforts to cease the unlawful physical detention of Plaintiff. Defendants A. Diffley and N. Miller attempted to block the citizen from giving the money to Plaintiff and told the citizen that they could not give it to Plaintiff because he was being detained. Plaintiff was eventually successful in receiving the money. He then walked back inside the station where he was able to apply the money to his Metro card and pay his fare.

9. Defendants A. Diffley and N. Miller followed Plaintiff inside and advised him that he was being placed under arrest. The Plaintiff then moved away from Defendants A. Diffley and N. Miller and exited the subject Metro Station.

10. When Plaintiff reached the sidewalk in front of and surrounding the subject Metro Station he observed several other Metro Transit Police issued cruisers driving and pulling into the subject parking lot.

11. Plaintiff began to lawfully walk through the parking lot of the Landover Metro Station, when Metro Transit Officer, Defendant, T. Crum, Officer #580, operating

WMATA issued motor vehicle #23627, which was owned and insured by WMATA, accelerated the vehicle towards the Plaintiff. He failed to yield to the Plaintiff, Aaron Butler, who was a pedestrian at the time and drove his motor vehicle into the Plaintiff's body, striking him, causing a violent collision with his person and causing significant and permanent injuries to Plaintiff. Most significantly, Plaintiff's right ankle was crushed and fractured, which required surgical intervention and is permanent in nature.

12. That at all times relevant herein, the Plaintiff, Aaron Butler, was exercising due care, and was free of negligence.

13. At all times herein relevant, the Defendants, Metro Transit Police Officers T. Crum, A. Diffley and N. Miller were acting under color of law and within the scope of their employment as duly appointed law enforcement officers for WMATA.

14. Defendants had no probable cause to support the detention and/or arrest of Plaintiff for evading his fare and/or any other criminal acts at all times relevant to the subject matter of this complaint.

15. At all times mentioned, Defendants Metro Transit Police Officers T. Crum, A. Diffley and N. Miller acted intentionally, with an evil and rancorous and improper motive, with ill will and actual malice, and with deliberate purpose to injure the Plaintiff by unlawfully physically detaining him, attempting an unlawful arrest of his person and by Defendant Crum's operation of his motor vehicle into the body of Plaintiff. This state of mind constitutes malice as a matter of law.

16. The deprivation of constitutional rights alleged herein are state constitutional

rights, namely violations of the provision of the Maryland Declaration of Rights, which guarantees that no person shall be deprived of liberty or property without due process of law and protects citizens against unreasonable search and seizures.

## COUNT ONE
### (Gross Negligence)

17. Plaintiff repeats and re-alleges each and every allegation contained in the preceding and following paragraphs of this Complaint as if fully set forth herein.

18. That at all times herein relevant, Plaintiff was lawfully in the parking lot of the subject Metro Station.

19. That at all times herein relevant, Defendant Crum, intentionally and without legal justification drove his Metro Transit Police motor vehicle, that was owned and insured by Defendant WMATA, into the Plaintiff's body.

20. That as a direct and proximate result of the grossly negligent and reckless acts of the Defendants WMATA, Metro Transit Police Department and Defendant Crum, and their use of excessive force, all as described above, Plaintiff, Aaron Butler, received severe, painful and permanent injuries to his body, as well as severe and protracted shock to his nervous system, all of which have caused and will continue to cause his great pain and mental anguish.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the Defendants, WMATA, Metro Transit Police Department and T. Crum, in an amount in excess of Seventy Five Thousand ($75,000.00), Dollars for compensatory damages and a sum for punitive damages plus interest and cost of this suit.

## COUNT TWO
### (Negligence)

6

21. Plaintiff, Aaron Butler, repeats and re-alleges each and every allegation contained in the preceding and following paragraphs of this Complaint as if fully set forth herein.

22. That at all times relevant herein, the Defendant, T. Crum, was an employee of Defendants WMATA and Defendant Metro Transit Police Department, and was on duty. At all times relevant herein, the Defendant T. Crum had a duty to maintain a proper lookout, to exercise due care in the operation of their motor vehicle, to operate their vehicle in a safe and prudent manner, to drive at a speed in accordance with all prevailing road and/or traffic conditions, to follow at a safe and reasonable distance from the Plaintiff, to reduce the speed of their vehicle to avoid a collision with the Plaintiff, to maintain control over their motor vehicle at all times so as to avoid striking the Plaintiff, to drive in accordance with all prevailing traffic rules and regulations, and otherwise to pay full time and attention to the operation of their motor vehicle

23. That the Defendant, T. Crum, breached their aforementioned duties owed to the Plaintiff, Aaron Butler, in failing to maintain a proper lookout, in failing to exercise due care in the operation of their motor vehicle, in failing to operate their vehicle in a safe and prudent manner, in failing to drive at a speed in accordance with all prevailing road and/or traffic conditions, in failing to follow at a safe and reasonable distance behind the Plaintiff, in failing to reduce the speed of their motor vehicle to avoid a collision with the Plaintiff, in failing to maintain control over their motor vehicle at all times so as to avoid striking the Plaintiff, in failing to drive in accordance with all prevailing traffic rules and regulations, and

otherwise in failing to pay full time and attention to the operation of their motor vehicle.

24. That as a direct and proximate result of the negligent actions of Defendant, T. Crum, the Plaintiff, Aaron Butler, received severe, painful and permanent injuries to his body, as well as severe and protracted shock to his nervous system, all of which have caused and will continue to cause his great pain and mental anguish.

25. That as a direct and proximate result of the negligent actions of the Defendant, T. Crum, the Plaintiff, Aaron Butler, has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff, Aaron Butler.

26. That as a direct and proximate result of the negligent actions of Defendant, T. Crum, the Plaintiff, Aaron Butler, incurred a loss of wages and permanent impairment of his wage earning capacity.

27. That at no time relevant hereto was the Plaintiff, Aaron Butler, contributorily negligent nor did he assume the risk.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the Defendant, T. Crum, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and cost of this suit.

## COUNT THREE
(Negligence)

28. Plaintiff, Aaron Butler, repeats and re-alleges each and every allegation contained in the preceding and following paragraphs of this Complaint as if fully set forth

herein.

29. That on or about May 30, 2018 at approximately 6:53 a.m., the WMATA issued police vehicle #23627 operated by Defendant, T. Crum, was owned and insured by the Defendants, WMATA and Metro Transit Police Department.

30. That at all times relevant herein, Defendant WMATA and Defendant Metro Transit Police Department, by and through their agents, servants, and/or employees, had a duty a duty to maintain a proper lookout, to exercise due care in the operation of the police vehicle, to operate the police vehicle in a safe and prudent manner, to drive in accordance with all prevailing road and/or traffic conditions, to maintain control over the police vehicle at all times so as to avoid striking Plaintiff, to drive in accordance with all prevailing Maryland traffic rules and regulations, to obey any and all traffic control devices governing the police vehicle's direction of travel, and otherwise to pay full time and attention to the operation of the police vehicle.

31. That as a direct and proximate result of the negligent actions of Defendants WMATA and Metro Transit Police Department, by and through its agent, servant, and/or employee, Plaintiff received severe, painful and permanent injuries to his body, as well as severe and protracted shock to his nervous system, all of which have caused and will continue to cause him in the future great pain, suffering, mental anguish, and other non-economic damages.

32. That as a direct and proximate result of the negligence of Defendants, WMATA and Metro Transit Police Department, by and through its agent, servants, and/or employee, the Plaintiff, Aaron Butler, has been forced to expend and will

continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment and medications for the treatment of the aforementioned injuries sustained by Plaintiff in this crash.

33. That at no time relevant hereto was the Plaintiff contributorily negligent nor did he assume the risk.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the Defendants, WMATA and Metro Transit Police Department, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and cost of this suit.

## COUNT FOUR
### (Negligence – Vicarious Liability)

34. Plaintiff, Aaron Butler, repeats and re-alleges each and every allegation contained in the preceding and following paragraphs of this Complaint as if fully set forth herein.

35. That at all times relevant herein, Defendant, T. Crum, was an agent, servant or employee of Defendants, WMATA, and Metro Transit Police Department, and was an agent and/or servant and/or employee of the Defendants, and/or was acting within the scope of his authority and/or employment with the Defendants and/or was acting with the knowledge, consent, permission and/or at the direction or under the control of or for the benefit of the Defendants, WMATA, and Metro Transit Police Department.

36. That as a direct and proximate result of the aforementioned negligence of the Defendant, T. Crum, and the vicarious liability of the Defendants, the Plaintiff, Aaron Butler, has sustained all the injuries and damages alleged above.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the

10

Defendants, WMATA and Metro Transit Police Department, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and cost of this suit.

## COUNT FIVE
### (Battery)

37. Plaintiff, Aaron Butler, repeats and re-alleges each and every allegation contained in the preceding and following paragraphs of this Complaint as if fully set forth herein.

38. Defendants Miller and Diffley's conducted constituted an intentional touching and/or settling in motion of an event, which resulted in the offensive, non-consensual touching of Plaintiff Butler by Defendants N. Miller and A. Diffley, and Crum, and was undertaken deliberately and with actual malice.

39. Defendant T. Crum's conduct constituted an intentional touching and/or settling in motion of an event, which resulted in the offensive, non-consensual touching of Plaintiff Butler by Defendant T. Crum, and was undertaken deliberately and with actual malice.

40. As a result of Defendant N. Miller, A. Diffley and T. Crum's conduct, Plaintiff Butler suffered substantial damages, including, but not limited to extreme and permanent pain and suffering, permanent and debilitating injury to his right ankle, humiliation, mental distress, loss of income, and monetary losses.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the Defendant, T. Crum, Defendant Miller, Defendant Diffley, Defendant WMATA and Defendant Metro Transit Police Department in an amount in excess of Seventy-Five Thousand ($75,000.00), Dollars for compensatory damages and a sum for punitive

damages plus interest and cost of this suit. plus interest and cost of this suit.

## COUNT SIX
### (Negligent Entrustment/Supervision)

41. Plaintiff, Aaron Butler, repeats and re-alleges each and every allegation contained in the preceding and following paragraphs of this Complaint as if fully set forth herein.

42. That on or about May 30, 2018 at approximately 7:30 p.m., the motor vehicle operated by Defendant, T. Crum, was owned and insured by Defendant WMATA.

43. That at all times referred to herein, the Defendant, T. Crum, was operating the motor vehicle with the express or implied permission of the owner, Defendant, WMATA.

44. That Defendant, WMATA, knew or had reason to know the likelihood of Defendant T. Crum's use of the subject motor vehicle would result in an unreasonable risk of harm to others, including Plaintiff.

45. That Defendant, WMATA, failed to maintain proper supervision over their motor vehicle and/or the actions of the operator of their motor vehicle and/or negligently entrusted the motor vehicle to Defendant, T. Crum.

46. That as a direct and proximate result of the negligence of the Defendant, T. Crum, and the negligent supervision and/or entrustment of the Defendant, WMATA, the Plaintiff, Aaron Butler, has sustained all the injuries and damages alleged above.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the Defendant, WMATA, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus interest and cost of this suit.

## COUNT SEVEN
### (Intentional Infliction of Emotional Distress)

47. Plaintiff repeats and re-alleges each and every allegation contained in the preceding and following paragraphs of this Complaint as if fully set forth herein.

48. That at all times herein relevant, the Defendants WMATA, Metro Transit Police Department, and Defendant T. Crum, Defendant N. Miller and Defendant A. Diffley, acting under color of law and within the scope of their employment as duly appointed law enforcement officers made contact with the Plaintiff and attempted to unlawfully detain and/or arrest him.

49. That Defendant T. Crum drove his motor vehicle into the body of the Plaintiff while he was attempting to lawfully cross the street.

50. That as a direct and proximate result of the grossly negligent, negligent, malicious, intentional and reckless acts of the Defendants, and their use of excessive force, all as described above, the Plaintiff, Aaron Butler suffered and continues to suffer mental anguish, emotional pain and suffering, and other expenses and damages.

51. The conduct of Defendants T. Crum, N. Miller and A. Diffley, was extreme and outrageous, and beyond the bounds of decency in a civilized society.

52. Defendants T. Crum, N. Miller and A. Diffley acted deliberately, with ill will and actual malice and without legal justification. They acted with an evil and rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the Plaintiff.

53. At all times relevant hereto, Defendants T. Crum, N. Miller and A. Diffley acted under color and pretense of law, and under the color of statutes, customs, and

usages of Prince George's County and the State of Maryland respectively and in violation of the constitutional rights of Plaintiff under the Maryland Declaration of Rights.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the Defendants, WMATA, Metro Transit Police Department and T. Crum, N. Miller, and A. Diffley, in an amount in excess of Seventy Five Thousand ($75,000.00), Dollars for compensatory damages and a sum for punitive damages plus interest and cost of this suit.

## COUNT EIGHT
### (False Imprisonment)

54. Plaintiff repeats and reallege each and every allegation contained in the preceding and following paragraphs of this Complaint as though fully set fort herein.

55. Defendant T. Crum, N. Miller and A. Diffley's actions as set forth in prior paragraphs of this Complaint, violated Plaintiff's rights as alleged herein when Plaintiff was then held and detained inside the metro, prevented from accepting money from another patron, being placed under and unlawful arrest, prevented from leaving the Metro station and then ultimately being struck by Defendant Crum's motor vehicle, all amounted to Plaintiff being deprived of his personal liberty without legal justification.

56. Defendants T. Crum, A. Diffley and N. Miller acted deliberately, with ill will, improper motive, evil purpose, actual malice and without legal justification. They acted with an evil and rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the Plaintiff.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the Defendants, WMATA, Metro Transit Police Department, A. Diffley, N. Miller and T.

Crum, in an amount in excess of Seventy Five Thousand ($75,000.00), Dollars for compensatory damages and a sum for punitive damages plus interest and cost of this suit.

## COUNT NINE
### (Negligence)
### (WMATA and Metro Transit Police Department)

57. Plaintiff repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Compliant as though fully set forth herein.

58. Defendants T. Crum, N. Miller, and A. Diffley's actions as set forth in prior paragraphs of this Complaint, violated Plaintiff's rights as alleged herein.

59. In the event that the fact finder determines that the individual Defendants did not act maliciously but were negligent in the performance of their duties, thereby injuring the Plaintiff, then Defendants WMATA and Metro Transit Police Department are vicariously liable for those negligent acts and violations.

60. Defendants T. Crum, N. Miller and A. Diffley owed Plaintiff a duty to use reasonable care when engaging the Plaintiff to ensure that it remains non-hostile, to not falsely imprison the Plaintiff, to not physically assault and/or otherwise injure the Plaintiff, to not use excessive force when engaging with the Plaintiff, to operate their motor vehicle in a reasonable and prudent manner so as to avoid injuring the Plaintiff and for all other acts as set forth above, so as not to violate Plaintiff's rights under the Maryland Declaration of Rights by subjecting him to an unreasonable seizure and significant physical and emotional injury.

61. Defendants T. Crum, N. Miller, and A. Diffley breached that duty of care by unlawfully detaining Plaintiff and by operating the Defendant issued

owned and insured motor vehicle into the body of Plaintiff thereby causing serious and permanent injuries as alleged above.

62. As a direct and proximate cause of the breach, Plaintiff suffered actual emotional injuries, actual physical injuries and other financial and non-economic damages.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the Defendant, WMATA and Metro Transit Police Department in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus interest and cost of this suit.

## COUNT TEN
### (Violations of Constitutional Rights under Article 24 of the Maryland Declaration of Rights)

63. Plaintiff repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint as though fully set forth herein.

64. Defendants N. Miller and A. Diffley unlawfully seized, detained and arrested the Plaintiff's person, thereby injuring the Plaintiff by causing physical and emotion injuries, without due process of law, in violation of Article 24 of the Maryland Declaration of Rights and engaged in such activity with actual malice towards the Plaintiff.

65. Defendant T. Crum, unlawfully, violently and excessively struck Plaintiff with his WATA owned and insured police vehicle, thereby injuring the Plaintiff by causing physical and emotion injuries, without due process of law, in violation of Article 24 of the Maryland Declaration of Rights and engaged in such activity with actual malice towards the Plaintiff.

66. As a direct and proximate result of Defendants state constitutional violations, Plaintiff suffered injuries in the form of fear and apprehension of imminent bodily harm, physical injuries to his person, humiliation, disgrace and loss of dignity.

67. The State of Maryland and Prince George's County are vicariously liable for the constitutional violations of Defendants Diffley, Crum and Miller.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the Defendants, WMATA, Metro Transit Police Department and T. Crum, Defendant N. Miller and Defendant A. Diffley in an amount in excess of Seventy-Five Thousand ($75,000.00), Dollars for compensatory damages and a sum for punitive damages plus interest and cost of this suit.

### COUNT ELEVEN
### (Violation of Constitutional Rights under Article 26 of the Maryland Declaration of Rights)

68. Plaintiff repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint as though fully set forth herein.

69. Defendants T. Crum, N. Miller and A. Diffley, unlawfully detained and/or arrested the Defendant without legal justification, probable cause, consent from Plaintiff, or exigent circumstances, in violation of Plaintiff's rights under Article 26 of the Maryland Declaration of Rights to be free from unlawful seizures.

70. Defendant T. Crum, operated his motor vehicle that was owned and insured by Defendant WMATA, into the plaintiff's person without legal justification, probable cause, consent from Plaintiff, or exigent circumstances, in violation of

Plaintiff's rights under Article 26 of the Maryland Declaration of Rights to be free from unlawful seizures.

71. As a direct and proximate result of Defendants state constitutional violations, Plaintiff suffered injuries in the form of fear and apprehension of imminent bodily harm, physical injury to his body, emotional damage, disgrace and loss of dignity.

72. The Defendants WMATA and Metro Transit Police Department are vicariously liable for the constitutional violation of Defendants Crum, Diffley and Miller.

**WHEREFORE**, the Plaintiff, Aaron Butler, prays for judgment against the Defendants, WMATA, Metro Transit Police Department and T. Crum, Defendant Miller and Defendant Diffley in an amount in excess of Seventy-Five Thousand ($75,000.00), Dollars for compensatory damages and a sum for punitive damages plus interest and cost of this suit.

### JURY DEMAND

Plaintiff, Aaron Butler, hereby demands a trial by jury as to all issues in this matter.

THOMAS V. MIKE MILLER, JR., P.A.

_____
John R. Webster, Jr.
8808 Old Branch Ave.
Clinton, MD 20735
(301) 856-3030
Counsel for Plaintiff

_____
Christina L. Caron-Moroney
8808 Old Branch Ave.
Clinton, MD 20735
(301) 856-3030
Counsel for Plaintiff