IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

AARON BUTLER,                        *

    Plaintiff,                   *

v.                                   *   Case No.: GJH-21-03063

                                 *

T. CRUM #58, *et al.*,               *

    Defendants.                  *

                                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Aaron Butler brought this civil action against Defendants Washington Metropolitan Area Transit Authority ("WMATA"), Metro Transit Police Department ("MTPD"), and Officers T. Crum, A. Diffley, and N. Miller, in their individual and official capacities, alleging gross negligence (Count I), negligence (Counts II–III & IX), vicarious liability (Count IV), battery (Count V), negligent entrustment/supervision (Count VI), intentional infliction of emotional distress (Count VII), false imprisonment (Count VIII), violations of constitutional rights under Article 24 of the Maryland Declaration of Rights (Count X), and violations of constitutional rights under Article 26 of the Maryland Declaration of Rights (Count XI). ECF No. 4. Pending before the Court is Defendants' Motion to Dismiss, For Summary Judgment, or Both, ECF No. 13.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendants' Motion to Dismiss, for Summary Judgment, or Both is granted, in part, and denied, in part and this case will be remanded to state court.

---

[1] Also pending before the Court is Defendants' Consent Motion for Extension of Time to Enlarge Time, ECF No. 12, Defendants' Motion for Leave to File Video Evidence, ECF No. 14, and Plaintiff's Motion for Extension of Time to File Response/Reply, ECF No. 15, which the Court now grants.

I.  **BACKGROUND**[2]

  A. **Factual Background**

In the Complaint, Plaintiff alleges that, on or about May 30, 2018, he rode a Metro train, owned and operated by Defendant WMATA, to the Landover Metro Station in Prince George's County, Maryland, where he exited the train. ECF No. 4 ¶ 7. Plaintiff alleges that he walked to a fare gate and tapped his metro card to exit, however, the gate did not open, and Plaintiff then walked to a fare card machine, returned to the gates, and exited through the emergency gate. *Id.* He contends that "before he had the opportunity to seek out assistance from a Metro station attendant," Defendant Officers Diffley and Miller approached Plaintiff and "immediately and together unlawfully physically detained him." *Id.* ¶ 8. After a crowd formed around Plaintiff and Defendants, an unknown citizen tried to give Plaintiff money to pay his fare, which Plaintiff contends Defendant Officers Diffley and Miller attempted to block "because [Plaintiff] was being detained." *Id.* Plaintiff eventually received the money, walked back inside the station, applied the money to his Metro card, and paid his fare. *Id.* Defendants Diffley and Miller followed Plaintiff inside and "advised him that he was being placed under arrest," but Plaintiff "moved away" from Defendants Diffley and Miller and exited the Metro Station. *Id.* ¶ 9.

Plaintiff further alleges that when he reached the sidewalk in front of and surrounding the Metro Station, he saw "several other" Metro Transit Police issued cruisers pulling into the parking lot. *Id.* ¶ 10. He then "began to lawfully walk through the parking lot of the Landover Metro Station," when Defendant Officer Crum, a Metro Transit Police Officer, "operating a

---

[2] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 4, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

WMATA issued vehicle . . . accelerated the vehicle towards Plaintiff . . . failed to yield to the Plaintiff . . . and drove the motor vehicle into the Plaintiff's body, striking him, causing a violent collision with his person and causing significant and permanent injuries to Plaintiff." *Id.* ¶ 11. Plaintiff's right ankle was crushed and fractured, which required surgical intervention and "is permanent in nature." *Id.* Defendants dispute the veracity of Plaintiff's allegations, as well as Defendants' responsibility for them. ECF No. 13-1.

### B. Procedural History

On or about May 27, 2021, Plaintiff filed suit against WMATA in the Circuit Court of Maryland for Prince George's County. ECF No. 1 ¶ 1. On December 1, 2021, WMATA removed the action to this Court "pursuant to Md. Code Ann., Transportation Article, §10-204(81), which specifically grants original jurisdiction over suits against WMATA to the United States District Court." *Id.* ¶ 4. On February 14, 2022, Defendants filed the now pending Motion to Dismiss, for Summary Judgment, or Both, ECF No. 13. On March 16, 2022, Plaintiff opposed the Motion, ECF No. 16, and on March 28, 2022, Defendants replied, ECF No. 17.

### II. STANDARD OF REVIEW

A claim of sovereign immunity is appropriately decided through a motion to dismiss for lack of subject-matter jurisdiction brought under Rule 12(b)(1) because "[s]overeign immunity strips the court of jurisdiction[.]" *Smith v. Scalia*, 44 F. Supp. 3d 28, 40 n.10 (D.D.C. 2014); *see also Smith v. WMATA*, 290 F.3d 201, 205 (4th Cir. 2002) ("To the extent [WMATA's] complained-of actions fall within its cloak of immunity, we lack subject matter jurisdiction over such claims."); *Burkhart v. WMATA*, 112 F.3d 1207, 1216 (D.C. Cir. 1997) (noting that "sovereign immunity claims are jurisdictional").

3

"A district court should grant a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (quoting *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). "The burden of establishing subject matter jurisdiction rests with the plaintiff." *Demetres v. East West Constr.*, 776 F.3d 271, 272 (4th Cir. 2015). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Where jurisdiction "ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steele Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 19 L.Ed. 264 (1868)).

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the claims pled in a complaint." *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019). To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the plaintiff's claims, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in original) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637

4

F.3d 435, 440 (4th Cir. 2011)). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Accordingly, in ruling on a motion brought under Rule 12(b)(6), a court "separat[es] the legal conclusions from the factual allegations, assum[es] the truth of only the factual allegations, and then determin[es] whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012) (quoting *Iqbal*, 556 U.S. at 1949–50).

Defendants' Motion is styled as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 13. If the Court considers materials outside the pleadings, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* When the moving party styles its motion as a "Motion to Dismiss or for Summary Judgment," as is the case here, and attaches additional materials to its motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Further, the Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre- or post-discovery).

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" Fed. R. Civ. P. 56(a); *see also Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23.

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only genuine if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

While the Court may rule on a motion for summary judgment prior to commencement of discovery, *see, e.g.*, *Demery v. Extebank Deferred Comp. Plan (B)*, 216 F.3d 283, 286 (2d Cir. 2000), Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his

6

opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (internal citation and quotation marks omitted). To obtain Rule 56(d) relief, the non-moving party bears the burden of showing how discovery "could possibly create a genuine issue of material fact sufficient . . . to survive summary judgment, or otherwise affect the court's analysis." *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015) (internal citation and quotation marks omitted).

**III.   DISCUSSION**

Plaintiff's eleven-count Complaint alleges gross negligence (Count I), negligence (Counts II–III & IX), vicarious liability (Count IV), battery (Count V), negligent entrustment/supervision (Count VI), intentional infliction of emotional distress (Count VII), false imprisonment (Count VIII), violations of constitutional rights under Article 24 of the Maryland Declaration of Rights (Count X), and violations of constitutional rights under Article 26 of the Maryland Declaration of Rights (Count XI). ECF No. 4.

Defendants move for dismissal and/or summary judgment for Plaintiff's claims because (1) Defendant WMATA and the officers, in their official capacities, are covered by sovereign immunity for their governmental functions; (2) Defendant MTPD lacks the capacity to be sued; (3) vicariously liability is not an independent cause of action; and (4) because Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims of negligence, battery, intentional infliction of emotional distress, false imprisonment, and violations of Article 24 and 26 of the Maryland Declaration of Rights. ECF No. 13-1 at 5–22. Because the Court determines that Defendant WMATA must be dismissed from the case because of sovereign immunity, remand of the remainder of the case is appropriate and the Court will not address the additional arguments for dismissal.

Defendants argue that all counts against Defendant WMATA and Defendant Officers Crum, Miller, and Diffley, in their official capacities, must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because "WMATA enjoys sovereign immunity for its governmental functions" and WMATA can invoke sovereign immunity on behalf of the Defendant Officers. *See* ECF No. 13-1 at 5–7, 9–10. Plaintiff appears to concede this argument as he acknowledges that "pursuant to Md. Code. Ann. Transp. §10-204 (80) WMATA shall not be liable for torts occurring in the performance of a governmental function." ECF No. 16 at 5. This is correct.

Article V, Section 12 of the WMATA Compact is clear. WMATA "may: (a) Sue and be sued[.]" Md. Code. Ann. Transp. § 10-204(12).[3] While WMATA may "sue and be sued," limitations in Section 80 of the Compact clarify that WMATA "shall not be liable for any torts occurring in the performance of a governmental function." Md. Code. Ann. Transp. § 10-204(80). The "threshold question," therefore, "is whether WMATA's operation of the Transit Police Force constitutes a governmental or a proprietary function within the terms of the Compact." *Morris v. WMATA*, 781 F.2d 218, 220 (D.C. Cir. 1986).[4] Governmental functions, as opposed to proprietary ones, are activities that "amount[ ] to 'quintessential' governmental function[s], like law enforcement." *Beebe v. WMATA*, 129 F.3d 1283, 1287 (D.C. Cir. 1997); *accord Burkhart v. WMATA*, 112 F.3d 1207, 1217 (D.C. Cir. 1997). "WMATA's police activities are an exercise of governmental function" for which WMATA has not waived sovereign immunity. *Dant v. District of Columbia*, 829 F.2d 69, 74 (D.C. Cir. 1987).

---

[3] WMATA is a transit authority created by interstate compact among the District of Columbia, Maryland, and Virginia, which was approved by Congress. In Maryland, this compact ("WMATA Compact") is codified as Md. Code. Ann. Transp. § 10-204.

[4] "When addressing the WMATA Compact, the Fourth Circuit looks to the District of Columbia Circuit for interpretive aid, striving to maintain consistency between the only two federal circuits likely to preside over WMATA Compact issues." *Hutcherson v. WMATA*, 08-cv-3044-RWT, 2009 WL 2168998, at *3 (D. Md. July 16, 2009).

"Accordingly, WMATA cannot be sued for torts related to the performance of its police activities." *See Davis v. Pavlik*, No. 20-cv-0547-GJH, 2020 WL 7489011, at *2 (D. Md. Dec. 21, 2020).

Here, Plaintiff is suing Defendant WMATA for the acts committed by its Metro Transit Police Officers, including Defendant Officers Crum, Miller, and Diffley, who are also being sued in their official capacities, in the course of their police duties—specifically, detaining and arresting Plaintiff when he exited through a fare gate at the Landover Metro Station without paying. *See* ECF No. 4 ¶¶ 13, 20, 31–32, 34–36, 37–40, 41–46, 48, 54–56, 57–62, 63–67, 68–72. Defendant WMATA's sovereign immunity, therefore, applies to it and Officers Crum, Miller, and Diffley, in their official capacities, and bars Plaintiff's claims. *See Davis*, 2020 WL 7489011, at *2; *see also Gray v. Unidentified Metro Transit Police Officers 1, 2, 3*, No. 14-cv-2939-DKC, 2017 WL 528429, at *3–4 (D. Md. Feb. 9, 2017) ("WMATA officials are immune from suit for law enforcement actions like those underlying this case.").

In sum, Plaintiff's claims against Defendant WMATA, which include gross negligence (Count I), negligence (Count III), negligence (Count III), vicarious liability[5] (Count IV), battery (count V), negligent entrustment/supervision[6] (Count VI), intentional infliction of emotional distress (Count VII), false imprisonment (Count VIII), negligence against WMATA and MTPD (Count IX), and violations of Article 24 & 26 of the Maryland Declaration of Rights (Counts X

---

[5] Count IV, vicarious liability, which is alleged against Defendants WMATA and Metro Transit Police Department, must be dismissed for an additional reason: vicarious liability is not a standalone claim. *See McCullough v. Liberty Heights Health & Rehab. Ctr.*, 830 F. Supp. 2d 94, 97 (D. Md. 2011) ("Vicarious liability is, of course, not an independent cause of action, but rather a theory of assigning liability.").

[6] Plaintiff alleges that Defendant WMATA failed to maintain proper supervision of its vehicle, or the actions of the operator of the vehicle, Defendant Crum, and that it is liable for the damages Plaintiff sustained. ECF No. 4 ¶¶ 45–46. Because, however, "[h]iring supervision, and training are . . . discretionary matters which also enjoy § 80 immunity," *Hutcherson v. Washington Metro. Area Transit Auth.*, No. 08-cv-3044-RWT, 2009 WL 2168998, at *4 (D. Md. July 16, 2009) (citing *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1216 (D.C. Cir. 1997)), Plaintiff's claim is dismissed for this reason as well.

and XI) are dismissed, with prejudice. *See Burns v. Washington Metro. Area Transit Auth.*, 488 F. Supp. 3d 210, 218 (D. Md. 2020) ("It is therefore appropriate for this Court to dismiss Plaintiff's [tort] claims, on sovereign immunity grounds, with prejudice."); *James v. Washington Metro. Area Transit Auth.*, 649 F. Supp. 2d 424, 430 (D. Md. 2009) ("WMATA is entitled to immunity against claims under the Maryland Constitution."); *see also Curtis v. Pracht*, 202 F. Supp. 2d 406, 418 (D. Md. 2002) (dismissing plaintiff's claim under Article 24 of the Maryland Declaration of Rights, against the United States Marshal Service and a Metropolitan police officer, where he failed to demonstrate "an unequivocal waiver of sovereign immunity."). The same is true for Plaintiff's claims against Defendant Officers Crum, Miller, and Diffley, in their official capacities. Therefore, Counts I–II, V, VII–VIII, and X–XI against them must also be dismissed with prejudice. *See Davis*, 2020 WL 7489011, at *2; *Burns*, 488 F. Supp. 3d at 218.

Separately, Plaintiff's claims against Defendant MTPD must also be dismissed. Article XVI, Section 76 of the WMATA Compact authorized the establishment of a police force within WMATA. *See* Md. Code. Ann. Transp. §10-204(76). "[S]ince MTPD is a department within WMATA and not a separate entity, it cannot be sued separately." *White v. Washington Metro. Area Transit Auth.*, 303 F. Supp. 3d 5, 9 (D.D.C. 2018) (citing *Brown v. Metro Transit Police Dep't*, 87 F. Supp. 3d 145, 146 (D.D.C. 2015), *aff'd*, 637 Fed. Appx. 3 (D.C. Cir. 2016) (construing suit against MTPD as suit against WMATA)). Accordingly, "all claims against Defendant MTPD are dismissed as a matter of law." *Id.*

Defendant WMATA has now been dismissed from this case. Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." The Fourth Circuit has held that "a district court has inherent power to . . . in cases removed from State

court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). The Court finds that the conditions of Section 1367(c) have been met.

Defendants removed this action from the Circuit Court of Maryland for Prince George's County solely on the basis of original jurisdiction under the WMATA Compact. *See* ECF No. 1 ¶¶ 1, 4 (citing Md. Code Ann., Transportation Article, §10-204(81)). Pursuant to Article XVI, Section 81 of the WMATA Compact, the "United States District Courts shall have original jurisdiction, concurrent with the courts of Maryland, Virginia, and the District of Columbia, of all actions brought by or against" WMATA. Md. Code, Transp. § 10-204(81). This Court has now dismissed Defendant WMATA from this case on grounds of sovereign immunity, as well as Plaintiff's claims against Defendant Officers Crum, Miller, and Diffley, in their official capacities, with prejudice. Thus, the only remaining claims are against the Defendant Officers in their individual capacities.

Because this Court has dismissed the only claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and will remand the matter back to the Circuit Court of Maryland for Prince George's County. *See Est. of Staton v. Bottalico*, No. 20-cv-03628-PWG, 2022 WL 1127901, at *6 (D. Md. Apr. 15, 2022) (declining to exercise supplemental jurisdiction over remaining state law claim against defendant officer where all claims against WMATA were dismissed with prejudice); *Morales v. Richardson*, 841 F. Supp. 2d 908, 914 (D. Md.), *aff'd*, 475 F. App'x 894 (4th Cir. 2012) (declining to exercising supplemental jurisdiction and remanding remaining state law claims to the Circuit Court for Prince George's County Maryland where no federal claims remained).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, For Summary Judgment, or Both is granted, in part, and denied, in part. The case will be remanded to the Circuit Court for Prince George's County, Maryland. A separate Order shall issue.

Date: <u>August 19, 2022</u>                                         /s/
                                                                           GEORGE J. HAZEL
                                                                           United States District Judge